UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-5756 PA (PDx) | Date | June 17, 2026 |
|---|---|---|---|
| Title | Christine Pruitt v. Goodstuff Juices LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS – ORDER TO SHOW CAUSE

The Court has received an Answer filed by defendant Goodstuff Juices LLC ("Defendant"). The Answer is signed by "Brittany Pires, Pro Se" on behalf of Defendant.

Although the Central District's Local Rules allow individuals to represent themselves, and themselves only, the Local Rules generally prohibit individuals from acting as counsel for others. Specifically, the Local Rules state:

> **L.R. 83-2.2.1 Individuals.** Any person representing himself or herself in a case without an attorney must appear pro se for such purpose. That representation may not be delegated to any other person — even a spouse, relative, or co-party in the case. A non-attorney guardian for a minor or incompetent person must be represented by counsel.

> **L.R. 83-2.2.2 Organizations.** Only individuals may represent themselves pro se. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court . . . .

Local Rule 83-2.2. Because Defendant is a limited liability company, and the Answer is not signed by an attorney, the filing of the Answer by Defendant pro se appears to be in violation of Local Rule 83-2.2.2, and Defendant may not appear without an attorney. See Flymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.") (internal quotations and citations omitted); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th

---

| CV-90 (06/04) | **CIVIL MINUTES - GENERAL** | Page 1 of 2 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-5756 PA (PDx) | | Date | June 17, 2026 |
|---|---|---|---|---|
| Title | Christine Pruitt v. Goodstuff Juices LLC | | | |

Cir. 2008) ("It is well-established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities.").

Because a non-lawyer cannot represent an entity, the Court orders Defendant to show cause in writing by no later than July 13, 2026, why its Answer should not be stricken and its default entered.  The filing of an Amended Answer or other appropriate document by an attorney authorized to appear in the Central District by that date will be deemed a sufficient response to the Order to Show Cause.  Failure to adequately respond to this Order to Show Cause by July 13, 2026, may, without further warning, result in the striking of Defendant's Answer and the entry of its default.

IT IS SO ORDERED.